UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MPN SOFTWARE SYSTEMS, INC.**<br><br>Plaintiff,<br><br>v.<br><br>**INTEGRATED PRACTICE SOLUTIONS, INC. d/b/a CHIROTOUCH**<br><br>Defendant. | Civ. No. 2:13-3208 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Defendant ChiroTouch filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and Federal Rule of Civil Procedure 12(b)(3) for improper venue. There was no oral argument. L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **DENIED**.

**I. BACKGROUND**

**A. Plaintiff's Complaint**

Plaintiff and Defendant are competing software companies that produce products for chiropractors and other health care professionals. Plaintiff MPN Software Systems, Inc. ("MPN" or "Plaintiff") is a New Jersey-based company. (Complaint at ¶ 2) Defendant ChiroTouch is a Washington corporation based in San Diego, California. (Affidavit of Robert Moberg ("Moberg Aff.") at ¶ 4)

Plaintiff initiated this case when it discovered that a ChiroTouch sales representative in Washington sent a chiropractor in Minnesota an e-mail that contained statements which Plaintiff alleges were false and derogatory. (Complaint at ¶ 12; Moberg Aff., Exhibit A)

1

MPN confronted ChiroTouch about the e-mail. (Complaint at ¶ 15) ChiroTouch admitted that it had sent the e-mail but stated that the incident was "isolated." (*Ibid.*) Following this correspondence, MPN asked ChiroTouch to conduct a more thorough investigation to determine whether sending this e-mail was truly an isolated incident and to sign an affidavit attesting to the incident being isolated. (Complaint at ¶ 16) MPN complains that ChiroTouch did not comply. (*Ibid.*) Moreover, MPN complains that ChiroTouch continues to make false statements to potential customers in New Jersey. (*See* Complaint at ¶ 5; Declaration of Mike Norworth ("Norworth Decl.") at ¶ 3-4)

Specifically, MPN CEO Mike Norworth states that he has spoken with "sales representatives" covering New Jersey who speak with MPN's prospective clients about MPN's software. These communications have lead him to believe that more than one prospective New Jersey client has received misleading sales information from ChiroTouch. For example, Norworth came across an e-mail sent from ChiroTouch to a prospective MPN customer, which falsely stated that MPN's training sessions were YouTube videos. (Norworth Decl. at ¶ 3-5)

### B. ChiroTouch's Contacts With New Jersey

ChiroTouch filed this motion to dismiss, claiming that it does not have constitutionally sufficient "minimum contacts" with New Jersey for this Court to assert personal jurisdiction. MPN opposed, arguing that it is at least entitled to take jurisdictional discovery.

Although ChiroTouch has no offices, employees, property, or bank accounts in New Jersey, (Moberg Aff. at ¶ 12-13) ChiroTouch touts itself as a "nationwide" brand. (Declaration of Alexis Arena ("Arena Decl."), Exhibit A) It advertises itself on social media to customers around the country, including customers in New Jersey. (Arena Decl., Exhibit C) Of ChiroTouch's 4,700 clients, 47 are located in New Jersey. (*See* Moberg Aff. at ¶ 11; Reply Brief at p. 5) ChiroTouch's potential contact with its New Jersey clients includes (a) four to six weeks of post-sale software training; (b) ongoing software support and trouble-shooting; (c) continuing software updates; and (d) access to ChiroTouch's "client web portal," where clients can access webinars, online chiropractic software services and support, information about new services, news publications, and web tools such as a chiropractic code search utility. (Arena Decl., Exhibit A)

ChiroTouch's Software Support webpage states that it "offers a robust team of support staff" who will take calls. (Arena Decl., Exhibit B) The Software Support webpage also states that its support staff will be "a constant point of contact" and "a

proactive and active partner." (Arena Decl., Exhibit B) Links to the support staff can be clicked on the website. (*See* Arena Decl., Exhibit B) ChiroTouch's website contains "live chat" options.

Within the span of a year, ChiroTouch sent representatives to four different chiropractic events in New Jersey for the purposes of marketing. These included the Spring and Fall Conventions of the Association of New Jersey Chiropractors ("ANJC") and seminars in Newark and Long Branch. (Arena Decl., Exhibit A) At these conventions, ChiroTouch donated money to the ANJC for each chiropractor that signed up for a free consultation. (*Ibid.*) ChiroTouch also paid most or all of the ANJC fees of any doctor that signed up for ChiroTouch after participating in a consultation. (*Ibid.*)

## II. LEGAL STANDARDS

### A. Rule 12(b)(2) Motion to Dismiss Prior to Discovery

Federal Rule of Civil Procedure 12(b)(2) provides for the dismissal of a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The burden of establishing personal jurisdiction lies with the plaintiff. *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). The Court should generally permit jurisdictional discovery prior to dismissing a defendant for lack of personal jurisdiction. *In re Chocolate Confectionary Antitrust Litig.*, 602 F. Supp. 2d 538, 572 (M.D. Pa. 2009).

"Where, as here, there has been no evidentiary hearing, 'a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction.'" *Arlington Indus., Inc. v. Elec. Custom Distributors, Inc.*, 817 F. Supp. 2d 473, 477 (M.D. Pa. 2011) (*quoting Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)). In determining the jurisdictional question in the absence of discovery, the Court must accept as true the allegations in the Complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F.Supp. 53, 55 (D. Del. 1982).

If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of personal jurisdiction, the plaintiff's right to conduct discovery should be sustained. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (*citing Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). The Court should permit jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Id.* at 456 (*citing Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)).

## B. Rule 12(b)(3) Motion to Dismiss for Improper Venue

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). "Venue" is defined by statute at 28 U.S.C. § 1391, which sets forth where venue may properly be laid. Under 28 U.S.C. § 1391(b), a civil action may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). "In many cases . . . a plaintiff may properly file his action in more than one venue." *Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc.*, 825 F. Supp. 671, 679 (D.N.J. 1993).

## III. DISCUSSION

### A. Personal Jurisdiction

"The due process limit to the exercise of personal jurisdiction is defined by a two-prong test. First, the defendant must have made constitutionally sufficient 'minimum contacts' with the forum." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co.*, 75 F.3d 147, 150 (3d Cir. 1996) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). "Second, if 'minimum contacts' are shown, jurisdiction may be exercised where the court determines, in its discretion, that to do so would comport with 'traditional notions of fair play and substantial justice.'" *Id.* at 150-51 (*quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

#### *1. Minimum Contacts*

"Minimum contacts" over a non-resident defendant can be established in one of two ways: general jurisdiction or specific jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009).

##### *a. Specific Jurisdiction*

Specific jurisdiction is established when a non-resident defendant has "purposefully directed" his activities at a resident of the forum, and the injury arises from or is related to those activities. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001) (*citing Burger King*, 471 U.S. at 472). Analysis for specific

jurisdiction begins with a two-part inquiry. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). First, the defendant must have "'purposefully directed' his activities" at the forum. *Id.* (*citing Burger King*, 471 U.S. at 472). Second, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. *Id.* (*citing Helicopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)).

Plaintiff has met its burden of establishing a prima facie case of specific jurisdiction. Plaintiff alleges that ChiroTouch has purposefully directed activities such as sales, marketing, and customer-support at clients and potential clients in New Jersey. For example, Plaintiff alleges that ChiroTouch has been e-mailing prospective New Jersey clients. ChiroTouch has been actively courting business in New Jersey by sending representatives to chiropractor conventions in New Jersey and paying various fees for chiropractors participating in the Association of New Jersey Chiropractors. It has sent marketing representatives to four New Jersey conferences over the course of a year. It maintains a website enabling live contact with ChiroTouch representatives.

Plaintiff alleges that ChiroTouch made false statements about Plaintiff to its potential clients in the course of its contact with potential customers in New Jersey. (*See* Norworth Decl. at ¶ 2-5) Assuming, as we must, that ChiroTouch made false statements directed to potential New Jersey customers, minimal contacts for the purposes of specific jurisdiction would be established. *See Machulsky v. Hall*, 210 F. Supp. 2d 531, 539 (D.N.J. 2002) (finding that directing a tortious e-mail into the forum state can form the basis of specific jurisdiction); *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir. 1988) (finding that solicitation in a forum can establish specific jurisdiction).

Because Plaintiff has established a prima facie case of specific jurisdiction, the Court will permit the case to proceed to discovery. Defendant may raise the issue of specific jurisdiction again at the close of discovery if evidence does not support Plaintiff's allegations of false communications directed at New Jersey customers.

### b. *General Jurisdiction*

"Minimum contacts" can also be established through general jurisdiction. General jurisdiction exists where the non-resident defendant has general contacts with the forum state that are "continuous and systematic." *Arlington Indus., Inc. v. Elec. Custom Distributors, Inc.*, 817 F. Supp. 2d 473, 477 (M.D. Pa. 2011) (*citing Helicopteros*, 466 U.S. at 414-16). General jurisdiction allows a court to hear any

and all claims against a party, even where the cause of action is unrelated to the forum. *Id.* at 477.

Plaintiff has sustained the burden of alleging connections to New Jersey which are "continuous and systematic." ChiroTouch has a small, but not necessarily insignificant number of New Jersey clients. It counts 47 clients, or 1% of its business in New Jersey. Courts have found general jurisdiction with an even smaller market share than 1%. *See Alien Tech. Corp. v. Intermec, Inc.*, 2007 WL 63989 (D.N.D. Jan. 4, 2007) (finding court had general jurisdiction over a company which conducted only 0.0571% of its business in the forum state).

The company's website gives the appearance that its New Jersey customers remain in "ongoing and continuous contact" with ChiroTouch once they purchase its product. ChiroTouch provides "continuing software updates" to its customers. ChiroTouch appears to be continuously and systematically attending chiropractic conventions in New Jersey. The company touts itself as a "nationwide" brand, which indicates it might have continuous and systematic contacts in every state.

Because Plaintiff has met the burden of pleading a prima facie case for general jurisdiction, the Court must allow discovery to proceed. Defendant may raise the issue of general jurisdiction again at the close of discovery if the evidence does not support the allegations of continuous and systematic contacts.

### 2. *Fair Play and Substantial Justice*

"Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (*quoting International Shoe Co.*, 326 U.S. at 320). This prong of the test of personal jurisdiction can involve many factors. *See id.* at 477. In short, the Court considers whether such factors make the exercise of jurisdiction so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent. *Id.* at 478.

As with the "minimum contacts" prong, Plaintiff has made out a prima facie case for the "fair play and substantial justice" prong of the test by demonstrating that ChiroTouch is a nationwide brand with seemingly substantial resources and contacts

with New Jersey.  The allegations make it seem that ChiroTouch could reasonably anticipate being haled into court in New Jersey.  *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003).  It does not appear that the New Jersey forum is gravely difficult or inconvenient or unfairly puts ChiroTouch at a severe disadvantage.  At the conclusion of discovery, Defendant may again challenge personal jurisdiction on the grounds that personal jurisdiction offends traditional notions of fair play and substantial justice.

### B. Venue

A defendant seeking dismissal under Rule 12(b)(3) bears the burden of showing that venue is improper.  *TriState HVAC Equip., LLP v. Big Belly Solar, Inc.*, 752 F. Supp. 2d 517, 533 (E.D. Pa. 2010) (*citing Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-25 (3d Cir. 1982)).  Defendant argues that venue is improper because ChiroTouch does not reside in New Jersey.  (Moving Brief at p. 12)  This is not a sufficient argument.  Venue is also proper where a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391.  Plaintiff alleges that false communications occurred in New Jersey, and ChiroTouch offers no evidence undermining this allegation.

## IV. CONCLUSION

For these reasons, the Court will deny ChiroTouch's motion and permit the case to move into discovery.

/s/ William J. Martini
_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated:** January 6, 2014